UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

ISMAEL AVILA PAREDES,                        )
                                             )
                   Petitioner,               )
                                             )
            v.                               )        No. 2:26-cv-00106-JRS-MKK
                                             )
BRISON SWEARINGEN in his official capacity   )
as Sheriff of the Clay County Justice Center, *et al.*,  )
                                             )
                   Respondents.              )

**ORDER GRANTING IN PART AND DENYING IN PART
PETITION FOR WRIT OF HABEAS CORPUS**

Noncitizen Ismael Avila Paredes is detained at the Clay County Jail at the direction of U.S. Immigration and Customs Enforcement (ICE). He seeks a writ of habeas corpus compelling the respondents to immediately release him. For the reasons discussed below, the petition is **granted** to the extent that the Court orders the respondents to afford Mr. Avila Paredes a bond hearing.

**I. Facts**

Mr. Avila Paredes entered the United States as a small child in 1997. He did not present for inspection at a port of entry, and the government has no records documenting his entry. Dkt. 1 ¶ 55; dkt. 9-1 at 11.

Mr. Avila Paredes previously obtained deferred action through the Deferred Action for Childhood Arrivals (DACA) program. Dkt. 9-1 at 11. However, he last renewed that status in 2017, *id.*, and he makes no assertion here that he is entitled to relief through DACA.

On January 28, 2026, Bloomington police arrested Mr. Avila Paredes. The same day, ICE lodged a detainer and issued an administrative warrant "command[ing]" that Mr. Avila Paredes be taken into ICE custody pursuant to 8 U.S.C. § 1226. Dk 9-1 at 6, 10.

Mr. Avila Paredes's custodians in Monroe County handed him over to ICE pursuant to the detainer on January 31. *Id.* at 10. The U.S. Department of Homeland Security initiated removal proceedings under 8 U.S.C. § 1229a. *Id.* at 2. He has been detained ever since and is currently confined at the Clay County Jail. There is no indication that Mr. Avila Paredes has requested or received a bond hearing.

## II. Analysis

A federal court may issue a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Mr. Avila Paredes argues that his continued detention violates the Immigration and Nationality Act (INA) and the Fifth Amendment. He asks the Court to order that he be released immediately. The respondents answer that the INA not only allows but requires Mr. Avila Paredes to be detained without bond. Alternatively, the respondents argue that, if he is entitled to any relief, he is entitled to at most a bond hearing.

The Court finds that Mr. Avila Paredes's continued detention without possibility of bond violates the INA and entitles him to habeas relief in the form of a bond hearing. On this basis, the Court grants Mr. Avila Paredes's petition in part and denies it in part.

### A.    8 U.S.C. §§ 1226 and 1225

At issue here are 8 U.S.C. § 1226 and § 1225. While "§ 1226 applies to aliens already present in the United States," U.S. immigration law also "authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2)." *Jennings v.*

*Rodriguez*, 583 U.S. 281, 303 (2018). Section 1226 governs the "usual" removal process, which involves an evidentiary hearing before an immigration judge. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 108 (2020). Proceedings are initiated under 8 U.S.C. § 1229(a), also known as "full removal," by filing a Notice to Appear with the Immigration Court. *Matter of E-R-M- & L-R-M-*, 25 I. & N. Dec. 520, 520 (BIA 2011).

> Section 1226(a) provides:
>
> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. [T]he Attorney General—
>
> (1) may continue to detain the arrested alien; and
>
> (2) may release the alien on—
>
>> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
>>
>> (B) conditional parole[.]

An immigration officer makes the initial determination to either detain or release the noncitizen. After that initial decision has been made, "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. § 236.1(d)(1)); *see* also 8 C.F.R. § 1236.1(c)(8). At that hearing, the noncitizen "may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community." *Nielsen v. Preap*, 586 U.S. 392, 397–98 (2019) (citing 8 C.F.R. §§ 1003.19(a), 1236.1(d)); *see also Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017) ("[T]he burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge . . . that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'") (citing *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)).

Section 1225(b)(1) deals with "inspection of aliens arriving in the United States and certain other aliens who have not been admitted or paroled" and provides that immigration officers shall order certain noncitizens removed without further hearing or review unless the noncitizen indicates an intention to apply for asylum. § 1225(b)(1)(A)(i). This applies to noncitizens who have engaged in misrepresentation or have failed to meet document requirements under §§ 1182(a)(6)(C) or 1182(a)(7). *Id.*

Section 1225(b)(2) pertains to "[i]nspection of other aliens." Section 1225(b)(2)(A) provides that "in the case of an alien who is an *applicant for admission*, if the examining immigration officer determines that *an alien seeking admission* is *not clearly and beyond a doubt entitled to be admitted*, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . .)." 8 U.S.C. § 1225(a)(1). In other words, noncitizens subject to 1225(b)(2) are not eligible for expedited removal but are subject to mandatory detention while their removal proceedings are pending.

**B.      Mr. Avila Paredes's Detention Is Authorized by § 1226(a)**

The record reflects that Mr. Avila Paredes's detention is authorized by § 1226(a). As discussed further below, this makes him eligible for a bond hearing, and his continued detention without a bond hearing violates the INA.

The Court has previously determined that considering § 1225 as a whole, the most natural meaning is that it applies to "arriving" noncitizens attempting to enter the United States rather than undocumented aliens like Mr. Avila Paredes who have lived in the interior of the United States for years. *Morales Sandoval v. Crowley*, No. 2:25-CV-00560-JRS-MKK, 2025 WL 3760760, at *3–6

(S.D. Ind. Dec. 30, 2025). As the Court has previously explained, the respondents' interpretation of the statute (1) disregards the plain meaning of § 1225(b)(2)(A); (2) disregards the relationship between §§ 1225 and 1226; (3) would render a recent amendment to § 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice. *Id.*

The respondents here cite contrary decisions but concede that this Court's previous analysis "control[s] the result in this case should the Court adhere to the legal reasoning in those prior decisions." Dkt. 9 at 9. Notably, the respondents cite a recent Fifth Circuit Court of Appeals decision, which upheld the government's interpretation of § 1225(b)(2)(A) in finding that "seeking admission" is a permissible redundancy for "applicant for admission." *Buenrostro-Mendez v. Bondi*, 2026 WL 323330, at *5 (5th Cir. Feb. 6, 2026). The Court is not convinced, however, that the Seventh Circuit will follow *Buenrostro-Mendez* and therefore continues to rely on *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048 (7th Cir. 2025), as persuasive precedent. In *Castañon-Nava*, the Seventh Circuit determined that "seeking admission" cannot be logically seen as synonymous with "applicant for admission" without violating several established canons of statutory interpretation. 161 F.4th at 1061. This Court has applied those established canons of statutory interpretation in its previous cases and has reached the same conclusion. Because neither *Buenrostro-Mendez* nor the other cases cited by the respondents are binding on this Court, the Court declines to depart from its previous reasoning.

Moreover, the undisputed facts demonstrate that Mr. Avila Paredes's detention must be authorized by § 1226(a) rather than § 1225(b). Mr. Avila Paredes lived in the United States for years, free from detention, on a deferred action status. When the government eventually took Mr. Avila Paredes into custody, it did so through an administrative warrant citing § 1226(a) as the basis for his arrest and detention. The government's actions and its paperwork reflect that Mr. Avila

Paredes's detention is authorized by § 1226(a). It cannot now maintain that he is subject to § 1225(b)(2) and therefore categorically ineligible for discretionary release. *See Singh v. Bondi*, No. 1:25-cv-02101-SEB-TAB, 2025 WL 3029524, at *6 (S.D. Ind. Oct. 30, 2025) (citing *Patel v. Crowley*, No. 25 C 11180, 2025 WL 2996787, at *6 (N.D. Ill. Oct. 24, 2025); *Kennedy v. Kijakazi*, No. 22-2258, 2023 WL 1990303, at *3 (7th Cir. Feb. 14, 2023)).

**C.    Scope of Relief**

Mr. Avila Paredes is entitled to a bond hearing under § 1226(a), and he has not received one. Therefore, his continued detention without a bond hearing violates "the laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The remaining question is the remedy, which should be "appropriate to the violation." *Waller v. Georgia*, 467 U.S. 39, 50 (1984).

Mr. Avila Paredes argues that he is entitled to immediate release from custody. Dkt. 1 at 24. Immediate release is the customary remedy in habeas proceedings. *See Dep't of Homeland Security v. Thursaissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody). However, he maintains—and the Court agrees—that he is subject to § 1226(a), which allows the government to "continue to detain" him. 8 U.S.C. § 1226(a)(1). Mr. Avila Paredes's custody is not unlawful because of the very fact that he is detained. Rather, his custody is unlawful because he has not received the bond hearing that the law requires.

**D.    Remaining Claims**

Because the Court has found that Mr. Avila Paredes's detention violates the INA, it does not reach his argument that his detention violates the Fifth Amendment. *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) ("[C]onsistent with the principle of avoiding unnecessary

constitutional decisionmaking, judges are to address the statutory defense before the constitutional.").

Additionally, although Mr. Avila Paredes argues that he is entitled to relief as a member of the class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 3288403, at *9 (C.D. Cal. Nov. 25, 2025), the Court does not understand him to argue that *Maldonado Bautista*'s declaratory judgment specifically entitles him to release as opposed to a bond hearing. In any event, the applicability of *Maldonado Bautista* to resolve habeas actions outside the Central District of California is unclear. In *Trump v. J.G.G.*, the Supreme Court reiterated that (a) any claim implying the invalidity of the claimant's custody "must be brought in habeas corpus," and (b) habeas jurisdiction lies only with the district where the claimant is confined. 604 U.S. 670, 671–72 (2025) (applying *Nance v. Ward*, 597 U.S. 159, 167 (2022); *Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)). Therefore, the Court resolves Mr. Avila Paredes's petition without relying on *Maldonado Buatista* and instead finds that he is entitled to a bond hearing under § 1226(a).

### III. Conclusion

The petition for a writ of habeas corpus is **granted** insofar as the respondents will have **seven days** to certify that Mr. Avila Paredes has (1) appeared for a bond hearing before an immigration judge consistent with 8 U.S.C. § 1226(a) and pertinent regulations, or (2) been released from detention. The petition is **denied** to the extent it seeks immediate release from custody.

The **clerk is directed** to enter **final judgment**.

**IT IS SO ORDERED.**

Date: 3/25/2026

_____
JAMES R. SWEENEY II, CHIEF JUDGE
United States District Court
Southern District of Indiana

7

Distribution:

Rachel Dever
Church Church Hittle and Antrim
rdever@cchalaw.com

Nora Unverzagt Galindo
Law Office of Nora Galindo
nora@noragalindolaw.com

Liberty L. Roberts
Church Church Hittle & Antrim
lroberts@cchalaw.com

Shelese M. Woods
DOJ-USAO
shelese.woods@usdoj.gov